**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DALJIT SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1950-R** |
| | ) | |
| **ROBERT CERNA, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

# REPORT AND RECOMMENDATION

Petitioner Daljit Singh, a noncitizen proceeding with counsel,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondents filed a response, Doc. 10, and Petitioner has replied, Doc. 11.

---

1 Chris Gantt, the current Warden of Cimarron Correctional Facility, is not a federal official and the Government did not file a response on his behalf. Doc. 10, at 2 n.1.

2 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

3 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons set forth below, the undersigned recommends the Court grant Petitioner's request for habeas relief in part and order Respondents to provide Petitioner with an individualized custody hearing under 8 U.S.C. § 1226(a) within ten days or otherwise release Petitioner.

**I. Factual background and procedural history.**

Petitioner is a native and citizen of India. Doc. 10, at 2. On September 1, 2018, he entered the United States at an unknown location. *Id.* On September 4, 2018, the Department of Homeland Security (DHS) issued Petitioner a Notice and Order of Expedited Removal. *Id.* Ex. 1. On October 2, 2018, a U.S. Citizenship and Immigration Services officer determined Petitioner had a credible fear of returning to India. *Id.* Ex. 2. DHS then placed Petitioner into standard removal proceedings by serving him with a Notice to Appear (NTA) which charged Petitioner as inadmissible for arriving in the United States at a time or place not designated by the Attorney General and without possession of a valid entry document. Doc. 1, Ex. 1.

On October 26, 2018, an Immigration Judge (IJ) issued an order releasing Petitioner on a $25,000 bond. Doc. 10, Ex. 3. On December 1, 2025, an IJ ordered Petitioner removed from the United States and denied his applications for relief from removal. *Id.* Ex. 4. His appeal remains pending. *Id.* at 3 & Ex. 6.

On July 22, 2026, Petitioner was involved in a motor vehicle accident and Oklahoma authorities took him into custody. *Id.* Ex. 7. The next day, Immigration and Customs Enforcement (ICE) took him into custody. *Id.* Ex. 7, at 2, Ex. 8. ICE then transferred Petitioner to the Cimarron Correctional Facility in Cushing, Oklahoma, where he remains detained. Doc. 1, at 8.

## II. Petitioner's claims.

Petitioner asserts four claims for relief: (1) unlawful detention in violation of the Immigration and Nationality Act (INA); (2) a violation of procedural due process under the Fifth Amendment; (3) a violation of the Administrative Procedure Act (APA); (4) a violation of the Equal Protection Clause; (5) a violation of the Suspension Clause; and (6) a violation of the *Accardi* doctrine for detaining him without a warrant in violation of agency regulations. *See* Doc. 1, at 21-33.

Petitioner requests an order setting an expedited resolution of the matter. *Id.* at 33. He also requests an injunction barring Respondents from transferring him out of this District or removing him during the pendency of these proceedings.[4] *Id.* He seeks declaratory relief as to the unlawfulness of his detention and requests his immediate release. *Id.* In the alternative, Petitioner

---

[4] The Court addressed these issues in part in its Order for Response, Doc. 8, at 2.

asks this Court to conduct a bond hearing within seven days of the Court's order. *Id.* Finally he seeks an award of attorney's fees and costs under the Equal Access to Justice Act,[5] and any further relief deemed appropriate by this Court. *Id.*

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

---

[5] To the extent that Petitioner may be entitled to EAJA fees and costs as a prevailing party, Petitioner must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B); *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (interpreting "EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention"). Thus, the Court need not address this request at this time.

## IV. Discussion.

### A. 8 U.S.C. § 1226(a) governs Petitioner's detention.

Respondents contend Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), but they acknowledge that the "matter is controlled by the Tenth Circuit's opinion in *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026)," and that Petitioner should receive a bond hearing. Doc. 10, at 4-5. They ask that the Court limit any relief to an order directing a bond hearing within seven days. *Id.* at 5.

"[B]ecause the legality of Petitioner's continued detention depends upon the source of the Government's detention authority," the undersigned must identify the statutory basis for Petitioner's detention as a threshold matter. *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *2 (W.D. Okla. June 29, 2026).

Section 1225 and 1226 authorize detention in different domains. Section 1225 applies primarily to aliens "seeking admission" to the United States, while § 1226 "generally governs the process of arresting and detaining" noncitizens "pending a decision on whether the alien is to be removed from the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018). Section 1225 generally applies at the border and § 1226 in the interior. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1237 ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country

are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

Petitioner's current detention "is not part of the inspection process," and it did not "arise from an attempted entry at a port of entry." *Zhakhonov*, 2026 WL 1865418, at *3. Rather, like the petitioner in *Zhakhonov*, "Petitioner was paroled into the United States, permitted to reside in the interior of the country for several years, [] and complied with the conditions of his release before being re-detained." *Id.* "Under those circumstances, Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Id.*

**B. A bond hearing is the appropriate remedy.**

Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy.

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3. Here, the Government has not provided Petitioner with an individualized custody determination since his re-detention. Doc. 1, at 8; *see, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held

pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Id.*; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a)."); *cf. Santillan Quiroz*, 180 F.4th at 1237.

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days or otherwise release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)"); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their

obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").[6]

### C. The Court should decline to address Petitioner's remaining claims.

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address Petitioner's remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Singh*, 2026 WL 1973892, at *1 (declining to address the petitioner's due process and "other claims" because the court was granting the petitioner habeas corpus relief on the basis of his statutory claim and directing the respondents to provide him with a bond hearing under § 1226(a)).

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Petitioner's habeas petition in part and **order Respondents to**

---

[6] Petitioner argues in his reply that the Court should decide this case like it did *Singh v. Cerna*, No. CIV-26-757-R (W.D. Okla. July 8, 2026), and release him rather than order a bond hearing. *See* Doc. 11, at 2. But the Court similarly determined in that case that a bond hearing was the appropriate remedy. *See Singh v. Cerna*, No. CIV-26-757-R, 2026 WL 1973892, at *1 (W.D. Okla. July 8, 2026) ("Judge Stephens recommends that the proper remedy is an individualized bond hearing under § 1226(a). The Court agrees.").

**provide Petitioner with an individualized bond hearing before a neutral IJ within ten days or else release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order and promptly providing a copy of this order to counsel for the Warden of the Cimarron Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 15, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[7] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation

[7] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process").

disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 8th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE