**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DALJIT SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1950-R** |
| | ) | |
| **ROBERT CERNA, et al.,** | ) | |
| | ) | |
| **Respondents.** | | |

**ORDER**

Petitioner, a noncitizen, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging her detention by U.S. Immigration and Customs Enforcement. Before the Court is the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell [Doc. No. 12] recommending that the Petition be granted in part and Respondents ordered to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a).

Respondents filed a timely Objection [Doc. No. 13] reasserting their opposition to the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Petitioner did not file an objection and Respondents do not otherwise object to the Report. Upon de novo review, the Court finds that, in accordance with *Santillan Quiroz*, 8 U.S.C. § 1226(a) governs Petitioner's detention and he is entitled to a bond hearing under that statute.

The Report and Recommendation [Doc. No. 12] is therefore ADOPTED and, for the reasons stated therein, the Petition for Writ of Habeas Corpus is GRANTED in part. Respondents are directed to provide Petitioner with an individualized bond hearing under

8 U.S.C. § 1226(a) within seven days or release Petitioner. Respondents shall certify compliance with this order.

IT IS SO ORDERED this 30th day of October, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**